By the Court.
Where a delinquent or neglected child has become the ward of the juvenile court and has been committed to an institution, under the provisions of the General Code relating to juvenile courts, the jurisdiction of the juvenile court over such child is a continuing jurisdiction, and it has authority to vacate its original order or modify the same, or make such further and ádditional orders in relation thereto as to it may seem just and proper.
The discretion of the juvenile court in relation to the care, custody and control of a delinquent or neglected child is a judicial discretion that must be exercised in good faith, and in the interest of the child, upon evidence introduced in the usual and ordinary course of the administration of justice.
Mandamus will not lie to control judicial discretion or the judicial determination of an issue by an inferior court, but it will lie to compel the exer *582 cise of such discretion and the exercise of judicial functions conferred by law upon such inferior tribunals.
Where an order has been made and entered by a juvenile court, finding that certain children are neglected and abandoned by their mother, and committing their custody to an institution named in the sections of the General Code relating to juvenile courts, upon an affidavit filed in that court charging in substance that the minor children named therein are dependent and neglected children, that their mother has deserted and abandoned them and is an unfit person to have the care and custody of them, and that the residence of the mother is unknown, a petition filed in that court by the mother, after such order has been entered, asking the court to open up and vacate the same, averring in substance that the affidavit was false, that affiant knew at the time he filed such affidavit or with reasonable diligence could have discovered her residence, that she had no notice of such proceeding, that she had not abandoned and deserted her minor children, that the affidavit and the proceedings had thereunder and the evidence offered in support thereof were false and a fraud upon the court and in fraud of petitioner’s rights, that the order was irregularly obtained, and that the petitioner, the mother, had no notice of such proceedings whatever and by unavoidable casualty and misfortune and without any fault or want of diligence on her part was prevented from appearing in court and defending her parental rights and vindicating her *583 self against the charges made in the affidavit, and from having an opportunity to, be heard in the proceedings, states facts sufficient, either as a petition or motion, to invoke the jurisdiction of the court to hear and determine the truth of these averments.
It is the duty of the court making such order, and in which the petition is filed, to hear the same upon evidence, and to make such order and judgment in the premises as to it seems just and proper.
The demurrer to the petition is overruled, and, the respondent not desiring to plead further, a peremptory writ is allowed, as prayed for in the petition of relatrix.

Peremptory writ allowed.

Nichols, C. J., Jones, Matthias, Johnson and Donahue, JJ., concur.